### ROWE v. C. I. T. CORPORATION.

No. 20921.   Opinion Filed July 19, 1932.

P. A. Chappelle, for plaintiff in error.

F. J. Lucas, for defendant in error.

KORNEGAY, J.   This case originated in the court of common pleas for Tulsa county by the filing of a petition, asking the recovery of an automobile, under the terms of a contract that was denominated by plaintiff a mortgage securing a note for $550. An order of replevin was made and served by a constable, the constable delivering to the defendant below the property under a redelivery bond, the return being filed on the 23rd of January, 1929. On the 5th of February, 1929, a new affidavit in replevin was made, followed by a new summons, the summons being served by the sheriff. On the 25th of February, 1929, a motion was made to make the petition more definite and certain, and an order secured for additional parties was later made, which was later stricken out, and an answer was filed by the defendant on the 29th of March, in which the making of the note and conditional sale contract was admitted, but default in making of the payments was denied.

A counterclaim was set up by reason of the fact that a replevin writ had been sued out and had been served, and the car had been left at night on a vacant lot exposed to the rain and snow. It was alleged that this was a conversion of the property and the value of the car was $771, and damages in the sum of $3,000 were asked for and an attorney's fee in the sum of $300. The plaintiff moved to strike out the cross-petition and it was stricken. A jury was impaneled to try what was left, and they rendered a verdict in favor of the plaintiff for the possession of the car and fixed its value at $537.66.

Opening statement was made by the plaintiff to the effect that under the contract of the purchase, denominated a chattel mortgage by the attorney, the sum of $537.66 was to be paid at the rate of $47.36 a month, and that the first payment was due in December, and that in January, 1929, default having been made in payments, the suit was instituted for possession of the car. Application was made for judgment on the opening statement, but denied by the court.

The opening statement of the defendant was to the effect that there was $233.43 cash payment on the car, and there were deferred payments of $537.66, at the rate of $44.80 a month. He stated that after the default, representatives of plaintiff went to see defendant, and they had some dispute, resulting in the replevin suit, and service of the summons by constable, and a redelivery bond was made, as claimed by the attorney for the plaintiff, and denied by the attorney for the defendant. It was further stated that the testimony would show that, from the 4th of January, 1929, and until after the 5th of February, 1929, the Reo people, apparently meaning the grantors of the plaintiff, had not been in possession of the car. The sheriff told the attorney on the 5th of February that if they would execute a redelivery bond, defendant could get the car. It was claimed that voluntarily, through the sheriff's office, the car was returned to Rowe on the 5th of February, 1929.

Objection was raised to the statements, and finally the court permitted an amendment to the answer, setting up the fact that the defendant had been deprived of the use of the car for 30 days, and the expense was $5 a day, and he was compelled to hire a

lawyer at $50, and he alleged that he had been damaged in the sum of $771, value of the car, and $150 for the use of the car for 30 days, and $50 attorney's fee, and he demanded $971 cost of action, and $5,000 exemplary damages. The court gave everybody opportunity to amend the pleadings and get a continuance, but they finally went to trial.

A statement to the jury was made that on the 4th of January, the car was taken without a valid writ of replevin, and by the plaintiff placed on the Reo used car lot, and that it was kept until the 5th of February, and objection was made to this and sustained, and the further statement was made that during that month defendant made efforts to get possession of his car.

The plaintiff began the introduction of proof, and the sales contract and the unpaid note were introduced, and the visit to the home of the defendant in January was detailed on the 3rd of January, with a demand for the money, and that certain time was given for the payment, and the defendant had claimed that he would pay it when he got ready, but on the morning of the 5th of January, when the money order was received, the suit had been started, and the order was later returned and then re-returned. The post-office order appeared to have been dated the 4th of January, 1929, and the envelope showed that it was received in the post office at Tulsa at 12:30 p. m. January 4th. This post-office money order was returned to the address that was given in the papers as being the address of the debtor, 315 East Davenport street.

The claim was made by the plaintiff that there were expenses that had been incurred before the post-office order was received, and that if those expenses were paid, the payment would be accepted and the contract placed in good standing. It appears that nothing outside of this was ever tendered on the contract. The conditional sales contract declared upon, as it is called in the heading of it, and also the note were introduced in evidence, and a demurrer was then interposed to the evidence of plaintiff and overruled. Proof was offered to be made to the effect that the car was in the possession of the plaintiff at the time of the execution of the second replevin bond and the return made on the replevin writ of delivery to the plaintiff.

The defendant was called and testified about the representative of plaintiff coming to his place on the 3rd of January, and

leaving word that if the money was not forthcoming by 2 o'clock, the car would be taken, and of the subsequent visit, and of his having sent the money order by mail and of the car being taken by the constable, and he saw the car later between the 5th and 7th of February, and the replevin being served on him on the 5th of February, and that he did not have the car at that time. The car was taken away from him over his protest. He detailed that the party, when he came to see him on January 4th, said he wanted the money instead of the car, and that instead of calling at the place of business he sent it by mail. It developed in his testimony that he had given a redelivery bond, and had the car at the time of testifying.

Proof was made as to the value of use of the car during the time it was held, and the cost of the attorney's fee, and his hiring taxis during the time of the pendency of the writs, and rebuttal proof was made that suit was started immediately after the stormy interview at the house of the defendant, winding up, it is claimed, with the expression from the defendant, "Just you dare to take that car."

With this evidence, the parties went to the jury, after instructions had been given by the court, reciting the substance of the pleadings and what a replevin action was, and that the burden was on the plaintiff, and the question was, Who had a right to the possession of the car on January 4th, and on the whole case the court apparently was charging that the rights of the parties depended upon the right to the possession on the 4th day of January. The jury found for the plaintiff unanimously, and fixed the value of the car. Under the admitted facts in the case, which was tried on May 10, 1929, several more installments had fallen due, and the plaintiff in error superseded the judgment and appears to have the car yet.

A brief has been filed containing a statement and a contention that the verdict was not supported by the evidence, and some cases are cited on the subject of rescission and the remedies of the parties, and discussion is had as to the effect of the post-office order that was returned, and the point raised is that when the replevin writ was served by a constable instead of by the sheriff, there was a conversion. However, we think all of that passed out of the case when a counter bond was given and the property held under it.

We think the plaintiff below, under the

evidence, was entitled to the property on the showing that was made, and that the jury in returning a verdict to that effect followed the facts proven and the law. The case is accordingly affirmed.

In view of the fact that this is a replevin case, we do not enter any judgment on the supersedeas bond, leaving that matter for the trial court to adjust according to the rights of the parties when the mandate goes down.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, and SWINDALL, JJ., concur. ANDREWS, J., dissents. RILEY and McNEILL, JJ., absent.